178

In the Matter of the Claim of HENRY KAMINSKI, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, August 1, 1961.

*Louis J. Lefkowitz, Attorney-General (Frank E. Sacco, Paxton Blair* and *Samuel Stern* of counsel), for appellant.

*Leon Novak (Howard A. Levine* of counsel), for respondent.

BERGAN, P. J. Claimant was a shop steward and an executive board member of his union. He worked in an industrial plant. By arrangement between the plant employer and the union he was allowed to carry on his union activities for a limited time each day on the plant payroll.

If his union activities exceeded this agreed period, the union would pay him for the excess time at the plant employer's rate. Payment by the union for this time taken out of normal working hours in the plant would rest on a certificate by the plant employer's foreman.

There is proof that union work by claimant was controlled and supervised by his union superiors and the amount he earned in union activity in a year was substantial.

The Industrial Commissioner has ruled that claimant's benefit rate should be computed to exclude wages received from his union, although the proof is that those wages in claimant's case, $3,423.74, exceeded in a year the wages he received at the industrial plant. The union paid unemployment insurance taxes on the wages it paid to claimant.

The Unemployment Insurance Referee held that claimant should be credited with wages paid by the union in computing his rate; and the Appeal Board affirmed. We think they are correct in this result.

The statute (Labor Law, § 517) defines remuneration as "every form of compensation for employment". The fact a man works part time for a labor union ought not disqualify him. The Industrial Commissioner argues in effect that the claimant, as an officer of the union, is a principal and not an employee, that his status is "analogous to that of an 'employer'" and that there is no "contract of employment" between the claimant and the union.

This is entirely a question of fact in this case (*Matter of Morton*, 284 N. Y. 167; *Matter of Austern*, 4 A D 2d 985). The claimant could as a matter of law be held to be an employee of the labor union upon a proper factual showing (*Matter of West*, 271 App. Div. 908). Finally, the reliance of the Industrial Commissioner on *Matter of Mutual Benevolent Soc. of 1865* (293 N. Y. 901) seems misplaced.

That case held that where a finding was made by the board under the particular facts there shown that there was no employer-employee relationship, the court would not say as a matter of law that such a finding had no support in substantial evidence. Here the factual finding of the board is just the other way and it has support in substantial evidence.

The determination of the Unemployment Insurance Appeal Board should be affirmed, with costs to claimant.

GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Determination of the Unemployment Insurance Appeal Board affirmed, with costs to claimant.